Dismissed and Memorandum Opinion filed September 30, 2004









Dismissed and Memorandum Opinion filed September 30,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00897-CR

NO. 14-04-00898-CR

____________

 

KENNETH WAYNE
SHERMAN, Appellant

 

V.

 

THE STATE OF
TEXAS, Appellee

 



 

On Appeal from the
263rd District Court

Harris County,
Texas

Trial Court Cause Nos. 731,519
& 731,520 

 



 

M E M O R A N D U M   O P I N I O N

After a jury trial, appellant was convicted of aggravated
robbery and aggravated sexual assault and sentenced to twenty and thirty years= confinement, respectively.  On July 10, 2002, appellant filed a motion
for post-conviction DNA testing of a rape kit and hair samples that had never
been tested.  On February 18, 2003, the
trial court granted the motion for DNA testing.








The clerk=s record does not reflect that the court-ordered DNA testing
was conducted.  See Tex. Code Crim. Proc. Ann. art. 64.03
(DNA test results shall be filed with trial court and served on
defendant).  There are no further orders
or findings in the record.  See, e.g.,
Tex. Code Crim. Proc. Ann. art.
64.04 (trial court must hold hearing and make findings after receiving test
results).  However, the clerk=s record does contain two pro se
letters, dated August 22, 2003 and November 24, 2003, inquiring whether the
testing had occurred.  Finally, the clerk=s record contains a pro se notice of
appeal, dated August 16, 2004. 

We do not have jurisdiction to address these appeals.  Even if an order granting post-conviction DNA
testing is an appealable order, see Booker v. State, 2004 WL 334867, at
*2 (Tex. App.CDallas 2004, pet.  ) (discussing jurisdiction and interlocutory
appeals under the version of the DNA-testing statutes applicable to this case),
a timely notice of appeal is essential to vest us with jurisdiction.  Slaton v. State, 981 S.W.2d 208, 210
(Tex. Crim. App. 1998); see Tex.
R. App. P. 26.2(a)(1).  A
defendant=s notice of appeal must be filed
within thirty days after the trial court enters an appealable order.  See Tex.
R. App. P. 26.2(a)(1).  If an
appeal is not timely perfected, a court of appeals does not obtain jurisdiction
to address the merits of an appeal. 
Under those circumstances it can take no action other than to dismiss
the appeal.  Slaton, 981 S.W.2d at
210.

Appellant did not file his notice of appeal within thirty
days of the trial court=s order granting DNA testing. 
Accordingly, the appeals are ordered dismissed.

 

PER CURIAM

Judgment rendered and Memorandum
Opinion filed September 30, 2004.

Panel consists of Justices Yates,
Edelman, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).